UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  04-80865-CIV-DIMITROULEAS



CARLISLE WAITHE,

      Plaintiff,

vs.

SWEEPING CORPORATION OF AMERICA, INC.,
a Tennessee corporation,

      Defendant.

_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, CARLISLE WAITHE (hereinafter referred to as "WAITHE"), by and through his undersigned attorneys, and hereby sues Defendant, SWEEPING CORPORATION OF AMERICA, INC., a Tennessee corporation, and as grounds therefore states as follows:

1.      Jurisdiction is conferred upon this Court and this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., as amended by the Equal Pay Act, 29 U.S.C. §§ 206(d) and 16(b) of the Act (29 U.S.C. § 216(b)).  WAITHE brings this action to recover wages due him under the Fair Labor Standards Act (hereinafter referred to as the "Act"), and an equal amount as liquidated damages, as well as reasonable attorneys' fees and costs.  Finally, WAITHE brings claims for illegal retaliation under the same Act, which resulted in his loss of employment violative of the Act.

2.      At all times material hereto, Defendant, SWEEPING CORPORATION OF

AMERICA, INC., is a Tennessee corporation authorized to do business in the State of Florida (hereinafter referred to as "SWEEPING") and is doing business in Davie, Florida wherein it has been engaged in road maintenance activities.

3.      At all times material hereto, SWEEPING has employees engaged in the commerce or in the production of goods for commerce; or employees handling, receiving, selling or otherwise working on goods and materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level, which constitutes an enterprise engaged in commerce for and in the production of goods for commerce within the meaning of §§ 3(r) and (s) of the Act (29 U.S.C. § 203 and (s)).

4.      At all times material hereto, SWEEPING has employed and it is employing a substantial number of employees in and about its said establishment in Davie, Florida in the road maintenance activities provided by SWEEPING to customers in this state and, of course, in other states. The reason for these activities of SWEEPING and its said employees, including WAITHE, is the engagement of commerce and the production of goods and services for commerce within the meaning of the Act.

5.      WAITHE commenced his employment with SWEEPING in 2002.

6.      SWEEPING, the employer of WAITHE from 2002 through July 6, 2004, during the same time period, has repeatedly and willfully violated 29 U.S.C. § 206(d) of the Act by failing and refusing to pay for all overtime hours during said period for work weeks no longer than forty (40) hours and failed and refused to compensate WAITHE for such work in excess of forty (40) hours at a rate not less than one and one-half time the regular rate at which they were employed, all

2

contrary to the provisions of § 7(a) of the Act (29 U.S.C. § 207(a)).

7.     As a result of the underpayment of wages alleged herein above, SWEEPING is indebted to WAITHE in the amount of unpaid overtime compensation. WAITHE estimates that during the period of 2002 through 2004 that he averaged twenty (20) hours per week of overtime for which he has not been compensated.

8.     WAITHE is a resident of Palm Beach County, Florida.

## COUNT I

## OVERTIME WAGES

9.     WAITHE incorporates the allegations of paragraphs 1 through 8 herein and avers that said conduct violates the Act provisions regarding the payment of overtime wages.

WHEREFORE, Plaintiff, CARLISLE WAITHE, requests judgment against Defendant, SWEEPING CORPORATION OF AMERICA, INC., in the amount of unpaid overtime compensation due WAITHE, additional equal amounts as liquidated damages, costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II

## RETALIATION AGAINST WAITHE BY SWEEPING

10.    WAITHE was terminated by SWEEPING on July 6, 2004.

11.    Shortly before his termination, WAITHE complained to management that he was not being paid for all of his overtime.

12.    Numerous times previous to WAITHE's final complaint, SWEEPING had failed to pay WAITHE for all of his overtime and WAITHE had complained to management previously.

13.    WAITHE's good faith assertions that he was in fact an employee not being paid for

3

his overtime constituted opposition to violations of federal law relating to the payment of overtime. WAITHE's opposition as stated herein is a protected activity for which SWEEPING could impose no retaliatory measures against WAITHE.

14.     Shortly after WAITHE stated his opposition to violations of federal overtime law, WAITHE was in fact terminated for his assertion of his rights.

15.     Said termination of WAITHE is an adverse employment action and violates the anti-retaliation provisions of the Act.   SWEEPING, through management, maliciously, willfully, wantonly and in reckless disregard of WAITHE's rights, knowingly retaliated against WAITHE for his opposition to violations of federal law pertinent to overtime compensation.

16.     A causal connection exists between WAITHE's termination and WAITHE's opposition as previously alleged herein.   Said termination would not have occurred but for WAITHE's protected activity as described herein.

17.     SWEEPING's retaliatory termination of WAITHE is and was a violation of the anti-retaliation provisions of the Act for which WAITHE is entitled to compensatory and punitive damages, including but not limited to:

      a.     Loss of wages, past, present and future, and front pay;

      b.     Emotional distress, embarrassment, humiliation and stigma due to the illegal termination;

      c.     Out-of-pocket losses in attempts to retain new employment; and

      d.     Liquidated damages pursuant to the Act.

WHEREFORE, Plaintiff, CARLISLE WAITHE, requests judgment against Defendant, SWEEPING CORPORATION OF AMERICA, INC., for both punitive and compensatory damages,

attorneys' fees, costs and for such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF COMPENSATION AGREEMENT

18.     SWEEPING required WAITHE to drive their company vehicles for various services throughout south Florida.

19.     In addition to WAITHE's hourly wage, SWEEPING agreed to pay WAITHE Two Dollars and 00/100 ($2.00) per mile driven by WAITHE for SWEEPING as additional compensation.

20.     SWEEPING has, after demand by WAITHE, refused to provide payment to WAITHE pursuant to this agreement, thus committing a material substantial breach of this agreement.

21.     SWEEPING's breach is the natural and proximate cause of damages to WAITHE.

22.     WAITHE's damages are the loss of payments due under the contract and prejudgment interest.

WHEREFORE, Plaintiff, CARLISLE WAITHE, requests judgment against Defendant, SWEEPING CORPORATION OF AMERICA, INC., for damages, prejudgment interest and attorneys' fees and costs pursuant to Florida Statute § 448.08.

## DEMAND FOR JURY TRIAL

WAITHE respectfully requests a trial by jury on all of the issues so trial by law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via ☑ U.S. Mail, ☑ Facsimile, ☐ Hand Delivery ☐ Overnight Mail to: Steven Siegel, Esq., Fisher &

5

Phillips, 450 E. Las Olas Blvd., Suite 800, Ft. Lauderdale, FL 33301 this _____ day of October, 2004.

**CHRISTOPHER J. RUSH & ASSOCIATES, P.A.**
Attorneys for Plaintiff
8305 So. Military Trail
Boynton Beach, Florida 33436-1506
Telephone: (561) 369-3331
Facsimile: (561) 369-5902

By:_____
    Christopher J. Rush, Esquire
    Florida Bar No. 621706

6